Call the third case. 17-0463 People v. Devon Hudson. Please step up and identify yourselves. Ross Allen for Devon Hudson, appellant. Good afternoon, Your Honors. I'm Katherine Sherrill on behalf of the people of the state of Illinois. I hope that you guys are a little more enlightening than the last case. You're going to have to wake us up, I think. So whenever you're ready, you may proceed. And remember, these are not speakers. These are recording. So please speak up. May it please the Court. Ross Allen from the Office of the State Appellate Defender, representing Appellant Devon Hudson. I plan to discuss the proportionate penalties clause argument that Devon's sentence was unconstitutional as applied to him based upon his upbringing and being just 15 years old at the time the crime was committed. In Barnes, the Fifth District found the same scheme and a nearly identical sentence unconstitutional under the proportionate penalties clause as applied to a 17-year-old defendant. Was that a negotiated guilty plea case? It was not. That's a little bit different. It is. But I still think it is instructive, especially on appeal from a first-stage post-conviction dismissal. How can you say that, though, if the Applewhite case from this district says that Miller does not apply to fully negotiated guilty pleas? I would point to Parker in the Fifth District, which was recently decided. In Parker, the Fifth District granted a leave to file in a similar case where the defendant argued that he would not have pled guilty if he had understood the implications of the Eighth Amendment. He faced 20 to 60 years, so he faced a potential de facto life. Wasn't that conviction, though, well before the whole Miller line of cases? I am not actually sure when he was sentenced, but the Parker decision came out in 2019, the Fifth District's appellate court decision. Does that also refer to the Barnes case? Yes. The Barnes case is very similar to the case here. There, it was a 17-year-old defendant who was sentenced to 22 years in prison. He also faced the same statutory sentencing scheme, facing 21 to 45 years. I think the biggest distinction between the two is that Devon was 15 when this crime was committed, while in Barnes, the defendant was 17 years old. Also, it is important to look to the – look to Devon's affidavit talking about his rough – his rough upbringing, talking about the sexual and physical abuse he suffered, and then tried to extricate himself by running away multiple times. You did not cite class in your – neither side referred to the case of class versus the U.S. I believe I – yes, I believe I referenced it in the report. Because that kind of answers his question and rebuts what he has just said, that, you know, the waiver applies and the waiver does not apply since Patterson and class. Yes, Your Honor. I disagree. Okay. In Patterson and class, they were challenging the constitutionality of the underlying statute. Here, it's the sentencing procedure that was employed. That's a different argument. Yeah, but if you read class carefully, you'd see that's a different argument. I try to read it carefully. I try. Go ahead. It seems that we don't agree. Yes. And, you know, I also really think that you need to focus on that youth matters. You know, in Nieto, this Court found that reviewing courts must overlook forfeiture and review juveniles as applied challenges on appeal, unlike adults. You have no problem with the three of us on that. I was on Nieto's and Gibson. We're on buffer together. I mean, you know, we're with you on all of that in terms of the youth aspect. The thing that I'm trying to get over is just the fundamental question of whether in order for you to prevail here and get another, get a second-stage hearing or a sentencing hearing, whether or not you have to prove that the plea agreement was involuntary in some way. And I don't know how you can succeed on that. Yeah. I mean, I think the biggest case to look at would be Parker, that fifth district case, which granted leave to file. Essentially, you know, to get to the second stage, you know, it has to be a gist of a claim. And I think that under Parker, it is arguable that, you know, Devon, you know, faced a de facto life sentence. I mean, the range was 21 to 45 years. There was a possibility he could be sentenced to a de facto life sentence, which now after buffer and the other cases, it is clear he could not be. And I think that, you know, shows that along with his allegation in his affidavit shows that he would not have pled guilty if he knew the sentencing range, which the State discussed in their brief, Jackson, which I think the biggest difference here is that there, the defendant complained of not being apprised of the elements that led to the sentencing enhancement. But by pleading guilty, but here, Devon did not know the maximum penalty he could be subjected to. He was told it was 45 years. As we have learned, as the case law has developed since then, we have learned it would only be 40 years. And that, and based on that, he says he would not have pled guilty. So I think at the very least, a gist of a claim has been established. And at the very least, it should be sent back for second stage proceedings for him to have counsel appointed for him to, you know, if that is a concern for it to be flushed out, flushed out below. But, you know, I think that overall, you know, the sentence here of 21 years for armed robbery with a firearm, you know, shocks the conscience, just like in Barnes. You know, the State, you know, acknowledges Barnes and, you know, asks this Court to not follow it, which shows that Mr. Hudson, at the very least, has established on arguable basis in his post-conviction petition for this case to proceed. And then also, you know, if you look at the recent statutory enactments by the legislature, you know, as of January 1st, 2016, 15- and 16- and 17-year-olds accused of armed robbery with a firearm are no longer automatically transferred to adult court. Also 15-year-olds accused of murder, aggravated criminal sexual assault, and certain sections of aggravated battery with a firearm have been removed from the automatic transfer statute. The legislature has essentially limited that mechanism to just 16- and 17-year-olds, you know, serious offense than class-acts offenses that include physical harm like aggravated battery with a firearm or aggravated criminal sexual assault. That's something that both Aikens and Barnes talked about. Though I understand this was a serious offense with psychological harm, those cases have spoken of the physical harm being an important consideration in determining the community's evolving standards. This Court doesn't have any other questions at this time. I would just, you know, finish that because Devon's sentence violated the proportionate penalties clause, this Court should allow Devon to withdraw his plea, remand for resentencing, or at the very least, remand for second-stage post-conviction proceedings. Thank you. Again, good afternoon, Your Honors. I'm Assistant State's Attorney Katherine Schro. Remember, that is not a speaker, so speak up. Okay. I'm Assistant State's Attorney Katherine Schro on behalf of the people of the State of Illinois. May it please the Court, Your Honors, defendant here knowingly, intelligently, and voluntarily entered a fully negotiated plea for a ---- So what if you follow class and Parker? Okay. Your Honors, Parker ---- And Barnes. I mean, and it's amended to the State statute. To ---- So what's your point? With respect to Parker, Your Honors, it's people's position that it was wrongly decided because it directly ---- But it is the law. Well, it conflicts with every U.S. and Illinois Supreme Court case that is considered a Miller Eighth Amendment claim because every one of those courts based their Miller analysis on the actual sentence imposed. Parker ---- And which is evident by 2016 enactment that shows that there's a distinction between an adult and a child in those cases where they give the enhanced and that's given a discretion not to put it in where it's a child. The legislature has by its grace enacted new amendments to make the firearm enhancements discretionary. That does not make the ones that were in effect at the time that this defendant committed his armed robbery with a firearm constitutionally infirm. But he's eligible in a year and a half to get out. That's correct. That's exactly one of the very reasons why his sentence does not violate the proportionate penalties objective of restoration to useful citizenship. But it does. It's doing just the opposite. It wants to keep him there. Your Honor, there's no denying that he will be either released at the age of 26 or 36 depending upon whether a good time credit is taken into account. Patterson found specifically that a 36-year sentence on a 15-year-old juvenile did not violate proportionate penalties. It provided opportunity for restoration to useful citizenship. And Buffer itself, the Buffer court said that a sentence of 40 years or under also provided some meaningful opportunity for restoration to useful citizenship. So when you look at the Supreme Court's determinations in those cases, a sentence where this defendant will be released at 26 or 36 years certainly provides him with a meaningful opportunity for restoration to useful citizenship. Now, I'd like to just addressing Parker. All right. The analysis is constitutionally incorrect when you're looking at how the Illinois and the United States Supreme Court cases have conducted that Miller Eighth Amendment analysis. And with respect to Parker, Parker is factually distinguishable, too. What about Akins and Miller? Pardon me? What about Akins and Miller? Miller, which one? It's not the Supreme Court, but the Illinois case. Your Honor, it's the people's position that any case that, like Barnes, that considers that incorporates Miller's Eighth Amendment analysis, rationale analysis into the proportionate penalties clause has to have that analysis, has to be informed by the Miller U.S. case, it's by its Eighth Amendment rationale. And so under Miller and Buffer, the Supreme Courts have already determined that when considering the evolving moral standards that defendant speaks of and that those cases speak to, it's already determined that a sentence under 40 years does not violate that or run afoul. I'm not sure that was our intention when we wrote it. And the other problem is all of these cases talk about, and all of the amendments to the statutes, really focus in on the word discretionary. Is this mandatory or is it discretionary? So the statute under which he was sentenced included a mandatory enhancement with no discretion. And everything we've seen since Miller, Gray, and Roper and the cases in Illinois is, you know, focused on because youth is different that judges have to have some discretion. So the legislature has since changed the firearm enhancement to make it discretionary. This young man signed his affidavit in 2016, four years ago. The case has been on appeal since then. Prior to ‑‑ there's a lot to unpack here, but in People v. Hunter, the Illinois Supreme Court was confronted with an almost exact situation we have here, although that case was on direct review and this case is on collateral review. The defendant in Hunter was a 15‑year‑old and he committed a violent felony while armed with a gun. He was sentenced to six years plus the mandatory 15‑year enhancement. And on appeal, the new amendments took effect. And he argued to the Supreme Court that they should apply to him based on the fact that it was a change in legislative policy and that it should now be discretionary. And the Hunter court rejected that argument and said that, no, the mandatory imposition of these firearm enhancements on a juvenile without considering the Holman factors is only prospective. So if it was ‑‑ if the court felt that it was somehow unconstitutional, it would have remanded in that case for resentencing under the new sentencing statute. But it did not. It rejected his argument. And ‑‑ In terms of unpacking, you started to talk about a case that is arguably apples and apples versus apples and oranges, and that is the Parker case. And in your initial remarks before we sort of got ‑‑ we diverted you, you indicated that the state thinks that is wrongfully decided or maybe is not on similar footing as this. Yes. Can you tell us about that case and how it impacts ‑‑ should impact the way we look at the disposition of this case? Of this case. As I said, it conflicts with the analysis of the United States and Supreme Court cases in Eighth Amendment Miller claims. None of those cases have looked at a potential sentence within a range. The defendant in Parker was sentenced to 36 years. That's what should have been considered according to the relevant Supreme Court cases. But Parker is also factually distinguishable here because Parker defendant was not aware of Miller and its progeny prior to his plea, and the state recommended a sentencing cap of 50 years, which included a potential de facto term within the state's recommendation. So the Parker defendant was operating under the state 50‑year cap without knowing that buffer would require consideration of his homing factors prior to the imposition of a sentence over 40 years. So, Your Honors, if you really look at Parker, it's really an involuntary or unknowing plea case. But here in this case, this defendant was not only aware of Miller and its progeny, he challenged his sentencing scheme pursuant to Miller and his progeny prior to accepting the state's offer and entering his negotiated plea. So there was no harsh sentencing cap offered by the state, as in Parker, and the state here agreed to a 21‑year minimum term sentence, which does not, did not, never will implicate a de facto life term under buffer. And defendants claimed that he would not have taken the plea had he known about buffer. It's not true. He was offered the minimum available sentence. Had he gone to trial, he would have been exposed to a much larger sentence. Had he known about buffer, he would have known that the 21 years offered sentence did not violate the Eighth Amendment, and he still would have taken the plea. So unlike the Parker defendant, this defendant's plea was voluntarily intelligently made. And it is our position that Jackson applies and he forfeited the sentencing procedure, where he waived the PSI and he refused to speak in allocation at all. So all of these foment factors would have been considered had he not done those things. So he's abandoned his claim. Now, the Supreme Court in Hunter, its refusal to apply these amendments retroactively, indicates that the mandatory imposition of a gun enhancement on a juvenile prior to the effective date of the new amendments, without consideration of foment factors, is constitutional, contrary to defendants' claim here. If he's correct, a mandatory application of a gun enhancement was unconstitutional in Hunter, the Supreme Court, as I said, would have remanded for resentencing, but it refused to do so. Hunter, the Court in Hunter respected the legislature's intent. This defendant is trying to use the Eighth Amendment Miller rationale to get this Court to strike his 21-year minimum sentence under proportionate penalties, even though it's a perfectly valid sentence under the Eighth Amendment and the sharp court has already upheld this sentencing range as constitutional. Your Honor's caution should be used when confronted with a proportionate penalties claim based on a Miller Eighth Amendment analysis. In fact, Patterson refused to apply Miller's Eighth Amendment rationale in a due process context, and it refused to apply an ex post facto analysis to an Eighth Amendment claim. Accepting this defendant's claim could potentially invade the legislative power to affix penalties, where sharp has already found this range to be constitutional. If this Court does incorporate an Eighth Amendment Miller-based rationale into a proportionate penalties analysis, that rationale must inform this analysis. Per Patterson, the proportionate penalties clause is commensurate with the Eighth Amendment with respect to the proportionality requirement. Under the Eighth Amendment and buffer, the evolving moral standards that defendant speaks of are already taken into account by those courts, and the Supreme Courts have found that these moral standards, under these moral standards, only a sentence over 40 years requires consideration of the Holman factors. Thus, in a shock-to-conscience claim under proportionate penalties, a sentence of 40 years or under does not run afoul of these evolving moral standards, and defendant's 21-year sentence doesn't shock the conscience. That's another reason why Barnes is wrongly decided. It conflicts with Hunter, and it conflicts with Miller, and it doesn't run afoul of the evolving moral standards. Per Clemens, the Supreme Court also stated that the proportionate penalties clause requires a defendant to be sentenced with the aim of restoring him to useful citizenship. As we discussed, defendant's 21-year sentence provides a meaningful opportunity for restoration to useful citizenship. Even the trial court factually even stated this when he said, quote, you're going to be in prison. You have a long time to think about that choice, and hopefully when you get out, you won't repeat that mistake, unquote. And as I discussed, defendant who will get out at 26 or 36 years old has a meaningful opportunity for restoration to useful citizenship. When you consider what Patterson, that Patterson found 36-year sentence did provide that and buffer a 40-year sentence. So his proportionate penalties claim is legally meritless, and as we stated in our briefs, his Eighth Amendment and due process claim are legally meritless as well. So unless this court has any other questions, for these reasons and those stated in our brief, the people respectfully ask this court to affirm the trial court summary dismissal of defendant's petition. Thank you. You withstood very well my barrage. Thank you. Just a few things in rebuttal. First I would stress that Devon's mandatory minimum 21-year sentence shocks the conscience of society's evolving moral standards, in part because Devon was sentenced to prison for a length of time longer than he had been alive. At the time of this singular event. You know, he was 15 years old and sentenced to 21 years. That, you know, I think following Barnes and Aikens shocks the conscience. In response to, you know, the court's concern regarding waiver, you know, waiver isn't a bar to relief because Devon did not know the court was precluding a waiver. I do believe that Devon's minimum 21-year sentence should be excluded from an over 40-year sentence. Again, in Parker, the Fifth District granted leave to file in a similar case where the defendant argued he would not have pled guilty if he understood those similar implications of the Eighth Amendment. In order to knowingly plead guilty, a defendant must know the maximum penalty. Here, Devon did not know the maximum penalty. And if there are no further questions, I would just finish that, you know, because Devon's sentence violated the proportion penalties clause, this Court should allow Devon to withdraw his plea, remand for resentencing, or, at the very least, remand for sentencing. Thank you.